**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHRISTOPHER MATTHEW MILES,**

   **Plaintiff,**

vs.                                            CASE NO.  4:23-CV-00531-AW-MAF

**CHRISTI DAVIS, ET AL.,**

   **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Christopher Matthew Miles, a pretrial detainee currently housed at Florida State Hospital (FSH) and proceeding *pro se*, filed an amended complaint pursuant to 42 U.S.C. § 1983. ECF No. 7. Plaintiff paid $5 of the $405 filing fee and filed an incomplete motion to proceed *in forma pauperis* (IFP). ECF Nos. 6, 8. The Court screened Plaintiff's amended complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construed Plaintiff's allegations liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Twice, the Court ordered Plaintiff to either file a complete IFP motion or pay the $405 filing fee. ECF Nos. 3, 10. Plaintiff had until **February 23, 2024**, to comply but did not do so. ECF No. 10. For the reasons stated, it is recommended that the complaint be dismissed and the case be closed.

**I.   Standard of Review**

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic

Case No.  4:23-cv-00531-AW-MAF

recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678). A brief discussion of the procedural history is warranted.

## II.  Procedural History

Plaintiff initiated this case with a complaint against multiple defendants. ECF No. 1. The Court found the complaint legally insufficient, outlined the deficiencies, and gave Plaintiff until January 19, 2024, to amend. ECF No. 3. The Court advised Plaintiff that dismissal was likely because (1) shotgun pleadings are not permissible; (2) certain defendants are not state actors; (3) certain claims were, apparently, misjoined; and (4) Section 1983 liability may not be based on the doctrine of *respondeat superior*. Id. The Court further directed Plaintiff to either file a complete IFP motion or pay the $405 filing fee. Id. Plaintiff paid $5 and submitted an amended complaint. ECF Nos. 6, 7.

Case No.  4:23-cv-00531-AW-MAF

Next, Plaintiff submitted an incomplete IFP motion, which the Court denied. ECF Nos. 8, 9. The Court again directed Plaintiff to file a complete IFP motion and gave him until February 23, 2024, to comply. ECF No. 10. Plaintiff submitted various letters to the Court, which failed to comply with the Rules governing federal cases. ECF Nos. 11, 13, 14. Each, time the Court directed Plaintiff on the proper course of filings and reminded him about the deadline in which to comply. See ECF Nos. 12, 14. Notably, the Court advised Plaintiff of the same in *all nine* of his pending cases.[1] As of the date of the drafting of this report, Plaintiff did not comply.

### III. Plaintiff's Amended Complaint, ECF No. 7.

Plaintiff sued Christi and Heath Davis, in their individual capacities. ECF No. 7. According to Plaintiff, on December 25, 2021, Christi Davis held Plaintiff at gunpoint while her husband, Heath, assaulted him. Id., p. 5. Plaintiff further alleges that Heath called Plaintiff a racial slur. Id. Plaintiff claims this altercation resulted in his arrest and current detention at FSH. Id. Plaintiff was found incompetent to proceed at trial. Id., p. 4.

Plaintiff alleges that the assault violated his "right to liberty, life, and the pursuit of happiness," and right to "freedom of speech"; he also claims

---

[1] The Court will not list all of Plaintiff's pending cases because it is his obligation to disclose them in a proper complaint. The Court directed Plaintiff to amend each of his complaints and advised him on the proper course of proceeding in federal cases.

Case No.   4:23-cv-00531-AW-MAF

discrimination. Id., p. 7. Plaintiff seeks $6,000,000 from Christi Davis for the "attempted murder" and $3,000,000 for violating his right to "freedom of speech." Id. He seeks $6,000,000 from Heath Davis for the physical assault, discrimination, and stalking, and $3,000,000 for the "freedom of speech violation." Id.

IV. Discussion

    A. Plaintiff Fails to State a Claim upon which Relief May be Granted.

Plaintiff amended his complaint so that it is no longer a shotgun pleading and the claims are not misjoined. However, it remains that dismissal is proper because Plaintiff does not provide any facts to show that Defendants are state actors. To succeed on a Section 1983 claim, a plaintiff must "prove that a person acting under color of state law committed an act that deprived him of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Christi and Heath Davis are, apparently, private citizens. Private citizens cannot be liable under Section 1983 unless they are "jointly engaged" with government officials in the challenged action. See Dennis v. Sparks, 449 U.S. 24, 28 (1980). In short, a plaintiff must show that the defendant "conspired with one or more state

actors." Rowe v. Fort Lauderdale, 279 F.3d 1271 (11th Cir. 2002) citing NAACP v. Hunt, 891 F.2d 1555, 1563 (11th Cir. 1990).

Here, Plaintiff offers no facts to suggest Defendants are in any way state actors, nor does he make any apparent connection to any government official. Plaintiff's amended complaint fails to state a claim and is due to be dismissed.

B. Plaintiff Did Not Comply with the Court's Order to File a Complete IFP Motion and Did Not Pay the Filing Fee

"A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The IFP motion must be supported by copies of Plaintiff's inmate account statement for the six (6) month period immediately preceding the filing of the complaint. The relevant period here is June 12, 2023, through December 12, 2023.

The Court provided Plaintiff with the proper form and directed him to either complete the IFP application and submit the supporting inmate account statements or pay the $405 filing fee by January 19, 2024. ECF No. 3. The Court advised Plaintiff that his case would not proceed without a proper IFP application or payment of the fee. Id. Plaintiff paid just $5 of the filing fee and refiled an IFP motion. ECF No. 6, 8. The Court denied the IFP motion because Plaintiff did not provide the inmate account statements from

Case No. 4:23-cv-00531-AW-MAF

Leon County Jail from July 24, 2023, through September 11, 2023. ECF No. 10. Furthermore, there were inconsistencies between Plaintiff's IFP affidavit and the account statements he provided from FSH. Id. The Court gave Plaintiff another opportunity, until **February 23, 2024**, to refile or pay the filing fee, but Plaintiff did not comply. Id.

Instead, Plaintiff filed several letters with the Court, which failed to comply with the Rules in various ways: (1) his letters addressed the wrong Court or the undersigned directly; (2) his letters were not proper motions because there was no case style or signature block; or (3) his letters were unsigned altogether. See Court orders ECF Nos. 12, 14, and 16. Plaintiff failed to file a proper IFP motion or pay the required fee, thus requiring dismissal of this case.

C. Failure to Follow a Court Orders

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of

Case No. 4:23-cv-00531-AW-MAF

reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

As previously stated, Plaintiff had until **February 23, 2024**, to submit an IFP motion or pay the fee, but he has not done so. ECF No. 10. Instead, he filed another improper pleading despite the numerous advisements by the Court in this case and in his other cases. See ECF Nos. 15. Such defiance to the Court's orders need not be tolerated. Id. Dismissal is appropriate.

## V.   Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim and because he failed to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

Case No.  4:23-cv-00531-AW-MAF

**DONE AND ORDERED** this 6th day of March, 2024.

        **s/ Martin A. Fitzpatrick**
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).